IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 16-cv-02521-LTB-GPG

KEVIN RENFRO,

    Plaintiff,

v.

ART SMITH, et al.,

    Defendants.

## THE PRE-MERITS DISCOVERY PLAN

This matter comes before the Court based on multiple filings and to establish and move forward with a pre-merits discovery plan. I previously Ordered that Plaintiff was entitled to take some pre-merits discovery stating:

> At this time the Court finds it appropriate to address pre-merits discovery. Some pre-merits discovery is necessary prior to a determination of class certification. *National Organization for Women v. Sperry Rand Corp.,* 88 F.R.D. 272, 276 (D.Conn.1980). It is in the sound discretion of the Court to impose limits on pre-certification discovery. *Id*. at 277. Permitted discovery should be sufficiently broad to afford plaintiff a fair and realistic opportunity to obtain evidence which may meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant. *Id*. Merits discovery should not proceed prior to class certification *Id.*

ECF #109, p. 8. [1] & [2]  Plaintiff filed his pre merits discovery plan (ECF #116) declining to propose a plan on the basis that Plaintiff wanted a comprehensive scheduling order and to submit specific discovery proposals.  The Correct Care Defendants responded (ECF #119) and the Mesa County Defendants responded (ECF #120).  Plaintiff filed a reply to each (ECFs #122 & 123). The Court determined, by way of minute Order, that the matter was resolved in that the Court would not allow simultaneous discovery and the Court Ordered Plaintiff to file the required plan (ECF #126).  Plaintiff filed a pre-merits discovery plan (ECF #127).  The Court has reviewed the plan, Mesa Defendants' response (ECF #128), Medical Defendants' response (ECF #129), and Plaintiff's reply (ECF #131).  The Court issued another Order on the matter (ECF #134) due to concerns over issues raised by Plaintiff's plan, e.g., lack of definition as to "serious medical need," HIPPA concerns, etc.  The Mesa County Defendants responded (ECF #136), Plaintiff responded (ECF #137), and the Correct Care Defendants responded (ECF #138).  A status conference was held on the record on August 3, 2018.  The Mesa County Defendants then responded (ECF #143), Plaintiff responded (ECF #144), the Mesa County Defendants responded (ECF #146), Plaintiff responded (ECF #147), and the Correct Care Defendants responded (ECF #148). The Court has reviewed and considered each filing.  For the reasons that follow, I Order as specifically set forth below.

Plaintiff alleges that, "as both a pre-trial detainee and a prisoner serving a sentence, Mr. Renfro was improperly denied necessary medical care for a known and serious medical condition, in violation of his rights under the Eighth and Fourteenth Amendments to the United

---

[1] "(ECF #109)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days.  Fed.R.Civ.P. 72(a).

States Constitution." Plaintiff's amended complaint (ECF #80, p. 2, para. 5). Plaintiff further states that there exists "a plaintiff class of pretrial detainees [ ] composed of past and present pretrial detainees at the [j]ail who have been improperly denied proper medical care for known and serious medical conditions, in violation of their constitutional rights" and a second class of "prisoners serving imposed sentences." *Id*. at pp. 2-3, para. 6. Plaintiff purports to be the class representative. *Id.* at para. 7. Plaintiff asserts that the members of the class(es) "are in the hundreds, and potentially in the thousands." *Id*. at p. 13, para. 60.

Plaintiff wants to take some pre-merits discovery in order to find his fellow class members, the hundreds or thousands of individuals, whom he believes share the attributes applicable under Rule 23. With regard to these potential class members, all one time inmates of the Mesa County Detention Facility, there needs to be analysis as to whether: (1) the person was an inmate during the appropriate statute of limitations period; (2) whether the inmate had a medical condition constituting a serious medical need; (3) was treatment outside the MCDF required; (4) was the inmate able to pay for the outside care; and (5) was the inmate denied such treatment. ECF #88, pp. 9-10.

The Mesa Defendants assert that "no prisoner has ever been denied medical care outside the facility for a serious medical condition due to his inability to pay for such care," Mesa Defendants' objection (ECF #128, p.1). The Medical Defendants similarly oppose Plaintiff's plan. Plaintiff, on the other hand, proposes discovery which the Court believes to be far in excess of what is appropriate at this stage of the litigation.

Discovery in this putative class action, in the pre-certification stage, is limited to those matters necessary to prove up the Rule 23 requirements (numerosity, commonality, typicality, and adequate-representation (with the last not being at issue yet)). *See Wal-Mart Stores, Inc. v.*

*Dukes*, 131 S.Ct. 2541, 2550 (2011). Discovery "should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant." *Montano v. Chao*, 07-cv-00735-CMA-KMT, 2008 WL 5377745 *3 (D.Colo. Dec. 19, 2008). Here, despite Defendants' protestations that there are no class members to be found, it is incumbent upon the Court to allow Plaintiff the "fair and realistic" opportunity to which he is entitled. However, this must occur within the bounds of Rule 26(b)(1), particularly the proportionality component of that Rule.

At this juncture, Plaintiff's goal, the legal obligation he must fulfill if he wants to move forward in a class action, is to prove that other members of the class in fact exist pursuant to R. 23. There are a number of potential sources of information for purposes of this exploration as follows:

Medical records:

A status conference was held with the parties on August 3, 2018. During that conference, greater clarity was provided as to the types of medical records in existence. The Court summarizes as follows: Upon intake (into the Mesa County Detention Facility), all potential inmates have an initial screening with a booking tech (initial intake). This is a somewhat cursory process as many such inmates will cycle out of the MCDF rapidly, e.g., within hours. Those individuals who are present for any greater length of time, more than perhaps half a day, receive a medical screen (medical assessment) from nursing staff and then follow-up screening (periodic

health assessment) at intervals and as necessary. Approximately 4000 individuals per year are so screened and from July 2016 forward the records were maintained electronically.

Plaintiff requests production of all medical records, *see* ECF #144-1, p. 4, which includes the initial intake, medical assessment, and periodic assessment. That request is unduly burdensome, not proportional, and mathematically unnecessary. First, the pre-screen reports are not necessary. These are subsumed within the initial medical screen for any individual held in the MCDF for more than a ½ a day. Any individual held for such a brief time could not logically be a class member. As such, the initial screen periodic assessments are the relevant documents (all of which are covered by HIPPA and other potential privileges and statutes relating to confidentiality).

As set forth above, Plaintiff believes that the class(es) he purports exist number in the hundreds if not thousands of individuals. Mathematics tells us the following: If 200 people (5% of the population of 4000) fit within the identified class, and if we survey 200 randomly selected people from the population of 4000, we can say with 95% confidence that between 4 (2.08%) and 16 (7.96%) class members will be identified. This means that reviewing one out of every twenty individual records, randomly selected, will garner the results set forth above. Thus, reviewing the entirety of the records is not necessary to find what Plaintiff seeks-or at least to sufficiently satisfy the Court that Plaintiff has been afforded a fair opportunity to identify the class he believes to be in the "hundreds if not thousands of individuals." Reviewing an additional 3800 of 4000 records to close the gap between 95% and 100% would be unduly burdensome on Defendants. Thus, Defendants are to provide 200 records. These are to be randomly selected by producing every 20th record. Each record is to be scrubbed of identifying information, yet it shall be numbered so that, if necessary, it can later be matched to a person.

Authorization, payment, and billing requests:

Plaintiff also requests records of authorizations for outside medical treatment for detainees, records of payments to outside providers, and records of all medical bills that are unpaid (ECF #144-2, p. 4). As noted by the Mesa County Defendants (ECF #146-1, pp. 3-4) it is completely unclear how each of these requests may be relevant to the issue of class certification. These requests necessarily address granted rather than denied authorizations. In addition, these requests are unnecessarily duplicative of the medical record search, as set forth above, that the Court is allowing and which is statistically likely to produce class members, if they exist. These requests are denied at this time.

Interrogatory:

Plaintiff wishes to propound one interrogatory to the CCS Defendants about the "preliminary analysis" already conducted (ECF #144-2, p. 5). The CCS Defendants do not object to that request (ECF #148, p. 6). The Court will allow the one requested interrogatory.

Rule 30(b)(6) depositions:

Further, it is the Court's judgment that Plaintiff is entitled to a two hour Rule 30(b)(6) deposition of each group of Defendants. To be clear, this will result in two such depositions, of two hours each, one for the Mesa County Defendants and another for the Correct Care Defendants, as to pre-certification issues only. This will not affect Plaintiff's later ability to conduct any Rule 30(b)(6) deposition on the merits of his case.

Mesa Defendants' requested discovery:

The Mesa Defendants also move to propound pre-class certification discovery (ECF #143 & 143-1). This motion is denied. Defendants have no burden of proof under Rule 23 and thus are not entitled to pre-class discovery.

It is therefore ORDERED that Plaintiff may conduct the following pre-merits discovery which is to be completed within 120 days:

Plaintiff may receive and review 200 medical records as set forth above;

Plaintiff may propound the one interrogatory to the Correct Care Defendants;

Plaintiff may conduct two (2) Rule 30(b)(6) of no more than two(2) hours each depositions as set forth above.

Should Plaintiff find evidence of the class(es) he purports exist, further discovery may be warranted.

Dated at Grand Junction, Colorado, this September 9, 2018.

Gordon P. Gallagher
United States Magistrate Judge